FILED

JUL 23 2021

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

John W. Branch, Esq. SBN 151535
**LAW OFFICE OF JOHN W. BRANCH**
41923 2nd Street, Suite 402
Temecula, CA 92590
Telephone: (312) 576-9249

Attorney for JURG ZUGER

BY FAX

## UNITED STATE BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

|  |  |
|---|---|
| In re | Case No.: 6:21-bk-10832-WJ |
| RAYMOND PAUL HORSPOOL, JR. | Chapter 7 |
| | Adversary Proceeding No.: |
| Debtor | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE** |
| JURG ZUGER | |
| Plaintiff-creditor | |
| V | |
| RAYMOND PAUL HORSPOOL, JR. | |
| Debtor | |

*1*

Plaintiff-creditor, JURG ZUGER, as and for hisComplaint against Debtor, RAYMOND PAUL HORSPOOL, JR. (the "Debtor"), respectfully alleges :

## JURISDICTION

1.  On February 19, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California – Riverside Division.

2.  The Debtor's duly-notice meeting of the creditors pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting") has been continued numerous times and is now set for July 22, 2021.

3.  As of the date of this Complaint, the Debtor has not been granted a discharge.

4.  This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on July 23, 2021.

5.  This is an adversary proceeding in which the ZUGER is objecting to the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A) and is seeking a determination as to the dischargeability of the debt owed by the Debtor to ZUGER under Bankruptcy Code §523(a)(4).

6.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523 and 727.

7.  This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

8.  ZUGER is an individual whose principal residence is located in Temecula, CA

9.  ZUGER is a judgment creditor of Debtor.

10. Debtor is the debtor in the above-captioned case and at all relevant times resided at 2211
El Capitan Drive, Riverside, CA 92506.

## STATE COURT ACTION

11. The state court action, filed in the Superior Court of the State of California for the County
of Riverside, arose out of Debtor's failure, as a certified public accountant to properly
account for and report Plaintiff-creditor, Jurg Zuger's (ZUGER) foreign income and
accounts on his federal and state income tax returns for the years 2009 through 2016.

12. As a result of these errors, ZUGER sought the assistance of Mr. Andrew Jones, Esq. to
correct Debtor's errors in calculating ZUGER's tax and, most importantly, correct Debtor's
failure to properly report gifts from foreign sources received by ZUGER and to properly
report foreign accounts held by ZUGER.

13. Debtor's errors and omissions cost ZUGER the following:

   a. Additional federal tax, not previously paid: $127,078;

   b. Interest on additional federal tax, not previously paid: $19,229;

   c. Additional California state tax, not previously paid: $36,43;

   d. Interest on additional California state tax, not previously paid: $5,262, and

   e. Professional fees for legal and accounting work: $83,680

14. Had Debtor properly reported ZUGER's foreign income and reported ZUGER's foreign
accounts (accounts which he admittedly knew existed), ZUGER would not have been
required: (a) to pay the Internal Revenue Service and the California Franchise Tax Board
interest in the amount of $19,229 and $5,262, respectively, (b) to pay $83,680 to Mr. Jones

to correct the tax calculation errors and foreign account reporting failures, and (c) remain subject to both civil penalties and potential criminal liability.

15. Debtor's errors and omissions were both a breach of his fiduciary duty towards ZUGER and professionally negligent.

16. During ZUGER's initial meeting with Debtor, ZUGER asked the Debtor if he was familiar with foreign income and reporting requirements.  Debtor admitted that he had told ZUGER that he was familiar with and was competent in foreign income reporting and its related information reporting requirements during the state court litigation process.

17. In reliance on Debtor's self professed competence, ZUGER engaged Debtor to properly report his foreign source income and its related information reporting requirements.

18. Debtor, in the Statement of Reasonable Cause, California General Affidavit submitted to the Internal Revenue Service (a copy of which is attached hereto as Exhibit "A"), stated that:

    a.  ZUGER had provided Debtor all the documents or through verbal discussions the information sufficient to calculate and report his foreign income annuity income items to knowledgeably sign the returns prepared by Debtor;

    b.  Until late 2016, Debtor was unaware that Switzerland annuities (like ZUGER's) were reportable to the US Treasury Foreign Bank Account Report (now FinCEN Form 114);

    c.  Debtor was unaware that since 2011, the Switzerland annuities were reportable to the Internal Revenue Service via Form 8938; and

    d.  Until June, 2017, Debtor was unaware that gifts from a single foreign person were reportable on Internal Revenue Service Form 3520.

4

19. During the trial, the court qualified Mr. Arthur J. Dellinger, Jr. (Dellinger) as ZUGER's expert regarding the preparation of income tax returns, reporting of foreign accounts and gifts, and the standard of care and professional ethics to be performed by certified public accountants.

20. Dellinger testified that Debtor had a fiduciary duty, as a certified public accountant, to ZUGER, and the Debtor had breached that fiduciary duty by Debtor's failure to properly report the foreign financial accounts held by ZUGER, and Debtor's failure to properly report income and gifts received by ZUGER from foreign sources.

21. Dellinger also testified that Debtor was professionally negligent and that his negligence had caused ZUGER penalties and interest for taxes due as reflected on the later-filed tax returns.

## STATE COURT FINDINGS

22. The trial judge, the Honorable Imra P. Asberry, made the following findings in her Ruling on Submitted Matter dated November 26, 2019 (a copy of which is attached hereto as Exhibit "B"):

   a. Debtor owed ZUGER a fiduciary duty to gather information for and in preparation of ZUGER's tax returns and reporting of ZUGER's foreign income and financial accounts in accordance with federal and state laws and regulations;

   b. Debtor breach his fiduciary duty by failing to exercise the skill, prudence, and diligence as other tax accountants commonly possess and exercise in the field of foreign income and account reporting;

   c. Debtor's breach of duty cause ZUGER's damages;

23. The Court's judgment, filed September 18, 2020 (attached hereto as Exhibit "C", "Judgment") adjudged that ZUGER was to recover from Debtor:

    a. the amount of $108,171.00, with interest at an annual rate of ten percent from the date of entry of judgment until paid;

    b. prejudgment interest in the amount of $33,809.41;

    c. costs in an amount to be determined by the Court; and

    d. the Court reserved jurisdiction to amend the judgment to insert the amount ZUGER is obligated to pay as additional damages for:

        i. civil penalties assessed against ZUGER by the U.S. Department of Treasury related to IRS Forms 8930 and 3520, and the U.S. Department of Treasury Foreign Bank Account Report (now FinCin Form 114) for the years ending December 31, 2009, through 2016 (the "Assessments"); and

        ii. legal and accounting fees reasonably related to the Assessments.

## COUNT I – NON-DISCHARGEABILITY OF ZUGER'S JUDGMENT UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

24. ZUGER repeats and re-alleges the allegations set forth in paragraphs 1 through 23 of this Complaint as if set forth at length herein.

25. Bankruptcy Code § 523(a)(4) provides, in relevant part, that: (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

6

. . . (4) for fraud or defalcation while acting in a fiduciary capacity,

embezzlement, or larceny . . . .

26. All or part of the debt owed to ZUGER, as evidenced by the Judgment entered

against the Debtor, is non-dischargeable as it is a debt for fraud or defalcation while

acting in a fiduciary capacity, embezzlement, or larceny within the meaning of

Bankruptcy Code § 523(a)(4).

**COUNT II -- NON-DISCHARGEABILITY OF ZUGER'S JUDGMENT**

**UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE**

27. ZUGER repeats and re-alleges the allegations set forth in paragraphs 1 through 26

of this Complaint as if set forth at length herein.

28. Bankruptcy Code § 523(a)(6) provides, in relevant part, that: (b) A discharge under

section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an

individual debtor from any debt—

. . . (6) or willful and malicious injury by the debtor to another entity or to the

property of another entity . . . .

29. All or part of the debt owed to ZUGER, as evidenced by the Judgment entered

against the Debtor, is non-dischargeable as it is a debt for willful and malicious

injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

*///*

7

## COUNT III -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

30. ZUGER repeats and re-alleges the allegations set forth in paragraphs 1 through 28 of this Complaint as if set forth at length herein.

31. Bankruptcy Code § § 727(a)(3) provides that: (a) The court shall grant the debtor a discharge, unless

. . . (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and 11 papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

32. During his state action deposition, the Debtor testified that he had an interest in numerous overseas businesses and other California entities.

33. The Debtor (in his initial filings) failed to disclose these businesses seeking to shield these businesses from his assets and the income generated from this bankruptcy proceeding.

34. The Debtor, in his operation of his various businesses, has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

35. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

**COUNT IV -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION**

**727(a)(4)(A) OF THE BANKRUPTCY CODE**

36. ZUGER repeats and re-alleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if set forth at length herein.

37. Bankruptcy Code § 727(a)(4)(A) provides that: (a) The court shall grant the debtor a discharge, unless

    --- (4) the debtor knowingly and fraudulently, in or in connection with the case --

    (A) made a false oath or account.

38. Form 106A/B, Schedule A/B: Property, question 19 asked the Debtor to disclose his "Non-publicly traded stock interests in incorporated and unicorporated businesses, including an interest in an LLC, partnership, and joint venture".

39. Despite his ownership in the various business interests described in his deposition, Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented in his original filing Form 106A/B, Schedule A/B:Property, question 19, that he did not have any business interests.

40. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

    ///

WHEREFORE, plaintiff respectfully requests that this Court enter judgment determining

that the debt reflected in the Judgement entered in favor of ZUGER against Debtor on

September 18, 2020, is non-dischargeable under Bankruptcy Code §§ 523(a)(4) and

523(a)(6) or in the alternative, denying the Debtor's discharge under Bankruptcy Code §§

727(a)(3) and 727(a)(4), and granting ZUGER such other and further relief as this Court

may deem just and proper.

Dated: July 21, 2021, Temecula, California

John W. Branch, Attorney for
Plaintiff-creditor, Jurg Zuger

*10*

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

## CALIFORNIA GENERAL AFFIDAVIT

State of California
County of Riverside

I, the undersigned, do hereby swear, certify and affirm that:

1. I am over the age of 18 and am a resident of the State of California. I have personal knowledge of the facts herein, and do swear as follows:

2. I, Raymond P. Horspool, have been a paid preparer of individual and corporate U.S. and California tax returns since 1977. I served as the paid preparer for Jurg Zuger and Stephanie Chapin (who file their US income tax returns jointly) for more than 10 years to present.

3. I have been, in all years relevant, aware that Zuger was the beneficiary of a Switzerland annuity in his name, paying an annual income stream, with AXA. In 2012 I became aware of a second tax-deferred annuity with Zurich Life, who made a one-time pay-out in 2012.

4. I have, in all years relevant, prepared Zuger's tax returns to report my calculation of the US-taxable earnings from his annuity income stream. I specifically confirm that in each year, Zuger gave to me in documents or through verbal discussion information sufficient for me to calculate and report those annuity income items. I had no concerns in any year about Zuger having failed to answer all my questions or having failed to give me enough information to knowledgeably sign these returns as the tax return preparer.

5. The attached document (labeled "Exhibit 1") is a true and correct copy of a Zurich Life document that Zuger provided me, and which I used as a work-paper in calculating his US-taxable income from the pay-out of that annuity in 2012. The handwriting on the document is mine, and reads, variously, "Basis – 1,000,000 CHF" and "268376 x .902 = 242,075."

6. I was, until late in 2016, unaware that Switzerland annuities (like Zuger's) are reportable to the US Treasury via the Foreign Bank Account Report (formerly, Form TD F 90-22.1, and now, FinCEN Form 114). I was also unaware until that same time that Switzerland annuities (like Zuger's) have been, since 2011, reportable to the IRS via the Form 8938.

7. I was, finally, unaware until June 2017 that gifts from a single foreign person (or multiple related foreign persons) are reportable on a Form 3520 if those gifts exceed $100,000 total within a calendar year.

8. In or around July 2016, I was approached by Zuger to discuss his recent contact from Zurich Life in June or July of 2016. Through the contact with Zurich Life and my own

Page 1 of 2

_____
Raymond Horspool Initials

work and research associated with that contact from Zurich Life, I became aware, for the first time, that annuities like Zuger's were reportable on the FBAR and Form 8938. In an attempt to satisfy Zurich Life, I prepared a 2012 Form 1040X which made no tax changes and reported the Zurich Life policy on the Form 8938.

## ACKNOWLEDGEMENT

I declare, under penalty of perjury under the laws of the State of _____ California _____,
that the foregoing is true and correct to the best of my recollection.


_Raymond P. Horgool_ _____ _signature_ _____ 6/18/2017
(Print Name)                    (Sign Name)                    (Date)

Page 2 of 2

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 26 2019

P. Tantlinger

DEC 09 2019

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| TITLE:<br>JURG ZUGER, Plaintiff<br>v.<br>RAYMOND HORSPOOL, Defendant | DATE<br>11-26-19 | DEPT.<br>5 | NUMBER<br>RIC1723662 |
|---|---|---|---|
| COUNSEL<br>As Stated on Clerk's Certificate of Mailing | REPORTER<br>None | | |
| PROCEEDING<br>RULING ON SUBMITTED MATTER | | | |

This matter came before the court on 7-30-19 and 7-31-19 for a bench trial. The parties submitted written closing arguments and the matter was taken under submission on 9-6-19.

Having heard the testimony of the parties, examined the exhibits admitted into evidence, and considered the written closing arguments of counsel, the court hereby rules as set forth below.

The court rules on Plaintiff's Objections to Defendant's Closing Trial Brief as follows: Sustained as to Numbers 1, 3, 5, 8, and 10. Overruled as to Numbers 2, 4, 6, 7 and 9.

Plaintiff has stated the following causes of action:

1. Breach of Fiduciary Duty.   The elements of a cause of action for breach of fiduciary duty are 1) existence of a fiduciary duty; 2) breach of the fiduciary duty; and 3) damage proximately caused by the breach.  Gutierrez v. Girardi (2011) 194 Cal. App. 4th 925, 932.  There is no dispute between the parties that Defendant, a Certified Public Account owed a fiduciary duty to Plaintiff.

2. Negligent Misrepresentation.  In his closing, Plaintiff has not specifically argued this point but instead focused on professional negligence.

3. Professional Negligence.  The elements of a cause of action for professional

I.P. Asberry, Judge
P. Tantlinger, Clerk

negligence are: 1) duty of the professional to use the skill, prudence and diligence as other members of the profession commonly use; 2) a breach of that duty; 3) a proximate causal connection between the negligent conduct and the resulting injury; and 4) actual loss or damage resulting from the professional negligence. Budd v. Nixen (1971) 6 Cal. 3d. 195, 200; Mattco Forge, Inc. v. Arthur Young & Co. (1997) 52 Cal. App. 4th 820, 831-833.

Defendant has argued in his closing, Affirmative Defenses that include the following:

1.    Intervening Superseding Factor.  Defendant argues that the actions of a third party prevents him from being liable for harm caused to Plaintiff.

2.    Unclean Hands. The doctrine of unclean hands rests on the maxim that he who comes into equity must come with clean hands. The doctrine demands that a plaintiff act fairly in the matter for which he seeks a remedy. He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim. Whether the doctrine of unclean hands applies is a question of fact. Aguayo v. Amaro (2013) 213 Cal. App. 4th 1102, 1110.

3.    Failure to Mitigate. "It has been the policy of the courts to promote the mitigation of damages. The doctrine applies in tort, willful as well as negligence. A plaintiff cannot be compensated for damages which he could have avoided by reasonable effort or expenditures." Green v. Smith (1968) 261 Cal. App. 2d. 392, 296.

Factual Background:

Plaintiff was born in Switzerland and educated there.  As an adult, he had primarily worked in the Swiss banking industry.  He came to California from Switzerland on a student Visa in 1997 to pursue a career in golf management.  He was on student Visa status until 1999.  Plaintiff married Stephanie Chapin, a U.S. citizen in 2003.  He received his U.S. permanent residency in 2003, a status that he has continually maintained through the present.

Plaintiff was introduced by his wife to Defendant in or about 2003, Defendant had prepared tax returns for Stephanie and her family for many years.  Plaintiff learned that Defendant was also considered a long-time family friend of his wife and her family.

Defendant is a Certified Public Accountant, (CPA) who as of the time of trial, had worked in this capacity for over 40 years. Defendant testified that he is a member of the American Institute of Certified Public Accounts, whose members are required to follow rigorous code of professional conduct. In giving the court with evidence concerning his competency, integrity, and a description of the care he provided to his clients, Defendant described a number of professional associations for which he is a member. There is no dispute that Defendant is a professional CPA who provides, among other professional services, work as a tax preparer.

Plaintiff had asked Defendant if he was familiar with foreign accounts, assets and income reporting. Satisfied by Defendant's responses, Plaintiff engaged Defendant as CPA to prepare his state and federal tax returns. Plaintiff believed Defendant competent and having proper expertise to handle his returns. Defendant amended some of the prior tax returns that another person had prepared for Plaintiff. Defendant prepared Plaintiff's returns from 2003 to 2016.

The federal and state tax returns that are in issue are for the years 2009 to 2016.

After Plaintiff's entry into the U.S., Swiss annuities were established with AXA and with Zurich Life Insurance Company (Zurich or Zurich Life). Plaintiff's mother had made a loan to him of $1 million that he used to purchase the annuity with Zurich Life, which had a death benefit. In 2009 Plaintiff became the owner of the policy by way of changes agreed upon by his mother and her forgiveness of the $1 million loan. Plaintiff's mother made the loan a gift to Plaintiff. In 2012, the policy matured and had a one-time payout, which Plaintiff directed to be paid into his US account. Plaintiff informed Defendant of these facts. He had also informed Defendant of his banking accounts.

The AXA account provided an annual return to Plaintiff through monthly payments. Plaintiff informed Defendant of AXA annuity. Defendant in his trial testimony acknowledged that Plaintiff told him he had the Swiss annuities and various accounts. Over the years, Plaintiff provided Defendant with lists of the monthly amounts of money he received along with the conversion rate from Swiss franc to U.S. dollars. Defendant in his testimony acknowledged that he used an amortization schedule Plaintiff provided him in 2004. Further, that he was aware Plaintiff had an annuity for the years of the subject tax

returns. Defendant stated that he did not know until 2016 that the annuities were reportable.

For the tax years 2009 to 2016, Plaintiff received income from the AXA annuity but there was no Schedule B attached to his returns.

Plaintiff had also informed Defendant that he received gifts of varying amounts of money from his mother. He is unsure of whether he told Defendant of all the gift amounts. Plaintiff at the time did not think or know that he had to report the amounts since there were gifts. Defendant never told him that he had to report gifts.

Over the years, Plaintiff paid Defendant for all billed services that Defendant rendered in doing the tax returns. Defendant offered that although he located Andrew Jones the tax attorney for Plaintiff when issues regarding the proper reporting of Zurich Life interest developed, to save Plaintiff on fees, he would have worked with Jones and Plaintiff and amended the returns if given the opportunity.

Plaintiff was contacted by Zurich Life in 2016 via email, asking if he had filed the correct papers with the IRS regarding the Zurich Life interest. The correct paper was a Foreign Bank Account Report (FBAR). He informed Defendant of the emails. Defendant initially told him to ignore the emails. However, when Plaintiff told Defendant about a telephone call from an attorney for Zurich, Defendant indicated that they needed to get a tax attorney who specialized in foreign account tax issues. Defendant found tax attorney Andrew Jones (Jones), whom Defendant represented was familiar with foreign account tax issues.

Defendant spoke with Jones. Thereafter, Plaintiff spoke with Jones by telephone. At Jones' request, he forwarded a copy of his 2009 to 2016 returns. Plaintiff gave Jones other information. They had several conversations. Plaintiff answered all of Jones' questions. He later learned from Jones that there were more issues than simply the Zurich issue. The other issues included but were not limited to the failure to report foreign accounts, failure to file certain tax forms, failure to report income and failure to report gifts. Jones explained the reporting requirements. Jones advised that there would be additional taxes owed along with penalties and interest. Additionally, Plaintiff would be responsible to pay for Jones' services in amending the returns. Plaintiff employed Jones to amend the tax returns for the subject years and to provide him with assistance in resolving/mitigating

the tax liability issues.  Both Jones and Plaintiff testified that Plaintiff has followed Jones' tax advice.

Copies of the amended tax returns and the related forms were admitted into evidence.    As a result of amending, the tax returns Plaintiff owed additional federal and states taxes as in the amount of $127,078 as shown on Exhibit 14.  Plaintiff has paid the additional taxes.

Part of documents prepared by Jones and submitted to the taxing authorities was a Statement of Reasonable Cause. (Exhibit 21).  Plaintiff, Jones and the tax expert Arthur Dellinger described that the statement was to provide the Internal Revenue Service with a detailed explanation of the mistakes made on the prior returns, the gifts, all of the foreign accounts and a description of the amounts shown on the amended returns.  The ultimate purpose of the Statement of Reasonable Cause was to absolve Plaintiff of liability for the errors.

Jones also prepared for the signature of Defendant a California General Affidavit (Affidavit). Defendant signed the Affidavit on 6-18-17 (Exhibit 24.)  The Affidavit was delivered to the California tax authority. The Affidavit provided among other things the following:

Defendant had been a tax preparer since 1977 and served as the paid preparer of Plaintiff's, tax returns for more than 10 years from the time of signature.

That in all years relevant he was aware that Plaintiff was the beneficiary of a Switzerland annuity, paying an annual income stream with AXA.

In 2012, he became aware of a second tax-deferred annuity with Zurich Life that had a one-time payout in 2012.

In all relevant years he prepared Plaintiff's tax returns reported the calculations of the US-taxable earnings from Plaintiff's annuity income stream.

The affidavit expressly provided: "I specifically confirm that in each year, Zuger gave to me in documents or through verbal discussions information sufficient for me to calculate and report those annuity income items.  I had no concerns in any year about Zuger having failed to answer all my questions or having failed to give me enough information to knowledgeably sign these returns as the tax return preparer... I was until late in 2016, unaware that Switzerland annuities (like Zuger's) are reportable to the US Treasury via the

Foreign Bank Account Report... now FinCEN Form 114). I was also unaware until that same time that Switzerland annuities (like Zuger's) have been since 2011, reportable to IRS via the Form 8938... I was finally, unaware until June 2017 that gifts from a single foreign person (or multiple related foreign persons) are reportable on a Form 3520 if those fits exceed $100,000 total within a calendar year...In or around July 2016, I was approached by Zuger to discuss his recent contact from Zurich Life in June or July of 2016. Through the contact with Zurich Life and my own work and research associated with that contact from Zurich Life, I became aware, for the first time, that annuities like Zuger's were reportable on the FBAR and Form 8938. In an attempt to satisfy Zurich Life, I prepared a 2012 Form 1040X which made no tax changes and report the Zurich Life policy on the Form 8938." (Exhibit 24.)

Jones testimony included but is not limited to the following:

2009 tax returns – Defendant overstated Plaintiff's income by $10,905 and failed to report gifts;

2011 tax returns – Defendant over stated Plaintiff's income by $1,732; failed to report gifts, failed to report the AXA and Zurich Life contracts; and failed to file the FBAR;

2012 tax returns – Defendant understated Plaintiff's income by $367,558 resulting in interest assessment of $19,229 payable to IRS and $5,262 payable to the Franchise Tax Board (FTB); failed to report gifts; failed to report AXA and Zurich Life contracts; and failed to file FBAR;

2013 tax returns – Defendant overstated Plaintiff's income by $8,417; failed to report gifts; failed to report AXA and Zurich Life contracts; and failed to file FBAR;

2014 tax returns – Defendant overstated Plaintiff's income by $8,290; failed to report gifts; failed to report AXA and Zurich Life contracts; and failed to file FBAR;

2015 tax returns – Defendant overstated Plaintiff's income by $7,395; failed to report gifts; failed to report AXA and Zurich Life contracts; and failed to file FBAR; and

2016 tax returns – Defendant overstated Plaintiff's income by $7,931; failed to report gifts of $137,768.05; failed to report AXA and Zurich Life contracts; and failed to file FBAR.

That Plaintiff remains subject to additional penalties and interest for failure to properly report foreign income and accounts. He explained as a result of being required to

amend his returns, the applicable three year statute of limitations began on the date the returns were amended. Further, that Plaintiff's exposure to potential federal civil penalties for failure to report foreign accounts held in Switzerland will not expire until July 2023.

Jones was not aware of any civil penalties that had been imposed on Plaintiff because of amending the returns. He stated that does not know how much the penalties might be, imposed, if at all. Plaintiff testified that he is worried that the taxing authorities will come after him for with huge penalties. Both the tax expert Mr. Dellinger and Plaintiff's tax attorney, Jones were of the opinion that Plaintiff could be held liable for enormous civil penalties. Plaintiff wants Defendant to be liable for these amounts. He contends that he provided Defendant with all of the information Defendant asked for as part of preparing tax returns. Plaintiff testified that he has incurred damages for additional past due taxes, interest and possibly civil penalties as a result of the poor work provided by Defendant.

Plaintiff also claims as damages the $83,680 he paid to Jones in amending, filing the returns, preparing, and filing appropriate documents, including the Statement of Reasonable Cause and the California General Affidavit. Plaintiff did not find Jones' bill shocking given the quantity and complexity of the work.

Plaintiff testified that if Defendant had told him he needed to do additional work and research for preparing his returns, he would have paid the same to Defendant. Instead, Plaintiff stated Defendant referred him out to Jones to handle the problems. Since Defendant essentially referred Plaintiff out to Jones, when Defendant learned that there was a problem, it does not make sense under the circumstances that Plaintiff could be challenged as failing to mitigate his damages by allowing Defendant to do the amending of the tax returns. "The reasonableness of the efforts of the injured party must be judged in the light of the situation confronting him at the time the loss was threatened …" Green v. Smith (1968) 261 Cal. App. 2d 392, 396.

As a resulting of Jones amending the returns, Jones determined Plaintiff owed additional federal and state taxes in the amount of $127,078. Plaintiff has paid the additional taxes. Plaintiff also incurred interest to the federal taxing authority of $19,229 and to the State of California of $5,262, which amounts he has paid.

Defendant has not sufficiently provided any legal authority or nor established conduct by Jones to support his purported defense of intervening superseding factor.

Defendant referred Plaintiff to Jones because of the obvious issue with reporting information concerning Zuger Life. Jones was not around at the time Defendant failed to properly report the information on the original tax returns.

Defendant has not established any conduct to prove Plaintiff acted in bad faith in coming to court. Defendant argues about the conduct of Jones and that Plaintiff has cooperated with Jones. Jones was not around at the time Defendant filed the original returns. Defendant found Jones, who was an experienced tax return on issues of foreign assets and accounts. Jones found that Defendant had made errors. The errors were made before Jones was involved with Plaintiff.

Arthur J. Dellinger, Jr., (Dellinger) testified as Plaintiff's expert. He described that he had been a Certified Public Account (CPA) for over 40 years. He was a Senior Tax Partner in the firm at which he was associated. He teaches and publishes within the CPA industry, including but not limited to the California CPA Foundation on the standard of practice and ethics for tax professionals and enrolled agents. Dellinger also teaches CPAs in the areas of foreign account reporting. He performs fifty percent of his work as a CPA and fifty percent of his work as standard of care expert for litigation. He has testified approximately 35 times in the last 8 to 9 years on issues of professional negligence and/or breach of fiduciary duty. He has qualified as an expert at trial in 6 to 7 times.

Dellinger described that the American Institute of Certified Public Accountants (AICPA) has established standards regarding the professional performance of CPAs. Dellinger is familiar with those standards and served as the chair of the committee that facilitated the adoption of the standards. Defendant described that he is a member of this organization. Dellinger described the standard of care commonly possessed by CPA/tax preparers. He is familiar with publications from the Department of Treasury that deal with ethical standards for CPAs, enrolled agents and attorneys (who handle tax matters). Based on the foundation laid by Plaintiff, Dellinger qualified to testify as an expert in this proceeding under Evidence Code Section 801 regarding preparation of income tax returns, reporting of foreign accounts and gifts and the standard of care and professional ethics to be performed by CPAs.

In this case, Dellinger reviewed the 2009 to 2016 tax returns prepared by Defendant, the 2009 to 2016 amended returns prepared by Jones; the Statement of

Reasonable Cause prepared by Jones; and various other related documents that he described in his testimony. Dellinger was of the opinion that Defendant held a fiduciary duty to Plaintiff for which Defendant had breached. Further, that Defendant had not properly reported the taxes attributable to Plaintiff's income from foreign sources, that he had failed to properly report foreign financial accounts held by Plaintiff and failed to properly report income and gifts received by Plaintiff from foreign sources. Additionally, that Defendant was professionally negligent and his negligence had caused Plaintiff penalties and interest for taxes due as reflected on the late filed tax returns.

According to Dellinger, a CPA has a duty/responsibility to ask their client questions that are necessary to prepare the tax return. With regard to the AXA Annuity information that had been provided to Defendant by Plaintiff for the subject years, was sufficient for Defendant to know that the AXA annuity qualified as a reportable financial interest for the years 2009 to 2016. Dellinger explained that at the end of 2008, the Department of Treasury had widely publicized the requirement to report foreign financial interests, annuities, life insurance policy proceeds, bank accounts and the like. That publication along with information that had been provided by Plaintiff to Defendant was sufficient invoke the responsibility of due diligence that Defendant would ask Plaintiff certain questions and have certain conversations with Defendant on this issue. Dellinger was also of the opinion that information Plaintiff provided to Defendant was sufficient to allow a reasonable CPA to be able to determine that the Zurich Life annuity was a reportable interest. The standards, he stated certainly made it acceptable for a CPA to accept their client's representations of facts but it did not obviate the responsibility to inquire further if information appeared to be incomplete or inconsistent. Mr. Dellinger described that the failure to ask questions and follow up to get details was professionally negligent and a breach of the standard of care.

Mr. Dellinger's testimony included, but was not limited to the following:

a. He is familiar with the Swiss Treaty on provisions and annuities. He described it deals with where you are taxed. There is no treaty that waives disclosure.

b. He reviewed the Zurich Life Insurance, policy. For 2009, 2010 and 2011 it qualified as a reportable item on Schedule B. Plaintiff's mother gifted money to Plaintiff to buy the policy and Plaintiff was the owner of the policy. If Plaintiff told Defendant that

Zurich Life was asking questions about the FBAR, the next step to take would be asking to see all of the Plaintiff's Zurich Life documents and consult with legal counsel.

c.    Form 8930 requires the disclosure of foreign assets valued at more than $100,000 and investment income.

d.    There are penalties for failure to file Form 8930. If the Form is not filed, the statute of limitations remains open.

e.    If there is a gift, there is a duty to report it. If the client reports gifts in a particular year, in subsequent years, there should be an inquiry about gifts for that year. Form 3520 requires the reporting of gifts of $100,000 or more that are received by a "non-US person". Since Plaintiff was here more than 180 days on a student Visa, he was responsible to report gifts.

f.    2011 income for foreign company was reportable.

g.    Debt forgiveness is a Form 3520 reporting event.

h.    Defendant breached the fiduciary duty he owed to Plaintiff.

i.    He did not find evidence of any penalties that have been imposed on Plaintiff, although he would expect that penalties will be imposed.

j.    He corroborated the testimony given by Jones regarding the findings on the original returns and the tax law and regulations.

k.    Plaintiff's Closing Brief at page 4, line 7 through 24; page 5, line 10 through 23; page 6, lines 3 through 6, 13 through 24; and page 7, lines 1 through 4 state other details of Dellinger's testimony.

The law requires that to prevail on a cause of action for professional negligence, a plaintiff must "present expert testimony establishing the appropriate standard of care in the relevant community." Quigley v. McClellan (2013) 214 Cal. App. 4th 1276, 1283. Here, plaintiff has presented the testimony of Dellinger who opined as to the standard of care of professional tax preparers/CPAs in handling tax preparations, obtaining information from clients for the preparation of the tax returns and reporting requirements with regard to foreign accounts and interests. The facts show that Defendant did not exercise the appropriate standard of care.

Plaintiff was able to establish that Defendant breached in his duty to be aware of the tax rules and regulations. The standard of care is that a member of the profession

exercise is to encompasses both knowledge of the particular area in which the services are being provided and an obligation of diligent research and informed judgment. Wright v. Williams (1975) 47 Cal. App. 3d. 802, 809.

Defendant's failure to fully report income, file appropriate tax forms, and properly prepare Plaintiff's tax returns, resulted in Plaintiff having to amend his taxes. In amending his taxes, Plaintiff was damage by having to incur fees of Jones. These fees were caused by Defendant's negligence. There was no evidence presented to substantiate that the amount that Jones charged was unreasonable, excessive or exorbitant.

Defendant's failure to fully, report income, file appropriate tax forms, and properly prepare Plaintiff's tax returns, also resulted in Plaintiff owing additional taxes to federal and state taxing authorities. The fact that Plaintiff owed additional taxes was the caused by his the additional income that he had received which was not reported. It was not caused by the negligence of Defendant. "[I]f the allegedly negligent conduct does not cause damage, it generates no cause of action in tort." Moua v. Pittullo, Howington, Barker, Abernathy, LLP (2104) 228 Cal. App. 4th 107, 112-113. Therefore, Defendant is not responsible for the additional taxes Plaintiff had to pay. Defendant's negligence however caused Plaintiff to be responsible and have to pay interest on the additional taxes. Thus, Defendant is liable for the interest paid.

The testimony from Plaintiff's tax attorney and the tax expert established that Plaintiff is exposed to liability for civil penalties. The statute of limitations remains open for the imposition of these civil penalties. Such civil penalties if imposed are caused by Defendant's failure to fully report income, file appropriate tax forms, and properly prepare Plaintiff's tax returns. This court needs additional information from the parties on the crafting of the language for such an order. Therefore, an OSC re Proposed Judgment is set for 1-3-20 at 8:30 a.m. in Department 5.

Conclusion:

1. It is the finding of the court that there existed a fiduciary duty which Defendant owed to Plaintiff in the gathering information for and in preparing Plaintiff's tax returns and the reporting of Plaintiff's foreign income and financial accounts in accordance with federal and state laws and regulations. Defendant breached the duty by failing to exercise the

skill, prudence, and diligence as other tax accountants commonly possess and exercise in the field of foreign income and account reporting. As a result of Defendant's breach of duty, Plaintiff was caused damages.

2.   Defendant owes and is to pay Plaintiff damages of $19,229 for the amounts paid by Plaintiff to federal taxing authorities for interest on the additional taxes determined on the amended tax returns prepared by Jones.

3.   Defendant owes and is to pay Plaintiff damages of $5,262 for the amounts paid by Plaintiff to California state-taxing authorities for interest on the additional taxes determined on the amended tax returns prepared by Jones.

4.   Defendant is not responsible to pay as damages, the additional taxes paid by Plaintiff on the amended returns. The additional taxes paid by Plaintiff on the amended returns are amounts Plaintiff would have owed to the taxing authorities, even if the returns had been properly prepared.

5.   Defendant's negligence cause Plaintiff harm, in the form of prospective civil penalties for the late and failures to fully report income, file appropriate tax forms, and properly prepare Plaintiff's tax returns. This court needs additional information from the parties on the crafting of the language for such an order. Therefore, an OSC re Proposed Judgment is set for 1-3-20 at 8:30 a.m. in Department 5.

6.   Defendant is responsible to pay as damages, $83,680 as and for professional fees Plaintiff incurred in preparation of the late filed returns, tax forms, Statement of Reasonable Cause, California General Affidavit and services associated with the foregoing.

7.   Plaintiff is to recover prejudgment interest on the interest paid to the taxing authorities and the amount paid to Jones from the date of payment through judgment.

8.   Plaintiff is to recover his costs of suit in an amount to be determined.

The clerk is to set on calendar, an OSC re Proposed Judgment is set for 1-3-20 at 8:30 a.m. in Department 5. The clerk is further directed to serve a copy of this Ruling on the parties via regular mail service and file a Certificate of Mailing.

Date: _11-26-19_                              _[signature]_
                                              Judge Irma Poole Asberry
                                              Riverside Superior Court

                                              I.P. Asberry, Judge
                                              P. Tantlinger, Clerk

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

8/26/2020

John W. Branch, Esq. SBN 151535
**LAW OFFICE OF JOHN W. BRANCH**
41923 2nd Street, Suite 402
Temecula, CA 92590
Telephone: (312) 576-9249
Facsimile: (951) 299-0239

Attorney for Plaintiff, JURG ZUGER

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 1 8 2020

P. Tantlinger

SEP 2 1 2020

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

### RIVERSIDE HISTORIC COURTHOUSE

JURG ZUGER,

       Plaintiff,

   vs.

RAYMOND HORSPOOL; and DOES 1-10,

      Defendants.

Case No.: RIC1723662

**[PROPOSED] JUDGEMENT AFTER BENCH TRIAL**

And Related Cross-Complaints

    This action came on regularly for trial on July 30, 2019, in Department 5 of the Superior Court, the Honorable Irma Poole Asberry presiding. John W. Branch appeared as attorney for Plaintiff and Ross Bergman appeared as attorney for defendant.

    A jury trial was waived. The court heard and considered the testimony, the documentary evidence, and the argument of counsel. The matter having been submitted for decision, and a statement of decision not having been requested, the court issued its Ruling on Submitted Matter on November 26, 2019.

//

**IT IS ADJUDGED** that:

1. Plaintiff, JURG ZUGER, recover judgment on the merits against defendant, RAYMOND HORSPOOL, in the amount of $108,171.00, with interest at an annual rate of 10 percent from the date of entry of this judgment until paid;

2. Plaintiff recover against defendant prejudgment interest in the amount of $33,809.41;

3. Plaintiff to recover against defendant costs in an to be determined by the court; and

4. The court reserves continuing jurisdiction to amend the judgement to insert the amount defendant is obligated to pay plaintiff as additional damages for:

   a. civil penalties assessed against plaintiff by the U. S. Department of Treasury related to IRS Forms 8930 and 3520, and U. S. Department of Treasury Foreign Bank Account Report (now FinCin Form 114) for the tax years ending December 31, 2009 through 2016 (the "Assessments"); and

   b. legal and accounting fees reasonably related to the Assessments.

Date: _September 15, 2020_

_____
JUDGE OF THE SUPERIOR COURT

[PROPOSED] JUDGMENT AFTER BENCH TRIAL

*Page 2 of 2*

1

## PROOF OF SERVICE

2   I am employed in the County of Riverside, State of California. I am over the age of 18 and not a
party to the within action. My business address is 41923 2nd Street, Suite 402, Temecula, CA
3   92590.

4           On August 26, 2020, I served the within document(s) described as:

5   **[PROPOSED] JUGEMENT AFTER BENCH TRIAL**

6   on the interested parties in this action as stated on the attached Proof of Service List.

7   [×]      (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope
addressed as set forth above. I placed each such envelope for collection and mailing following
8   ordinary business practices. I am readily familiar with this Firm's practice for collection and
processing of correspondence for mailing. Under that practice, the correspondence would be
9   deposited with the United States Postal Service on that same day, with postage thereon fully
prepaid at Redlands, California, in the ordinary course of business. I am aware that on motion of
10  the party served, serve is presumed invalid if postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

11  [x ]     (BY EMAIL) A true copy of the foregoing document(s) was sent via electronic mail
(email) to the interested party on the attached Proof of Service List on the date declared below.

12

13  I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

14

15          Executed on August 26, 2020, at Redlands, California.

16

17                                              John W. Branch

18

19

20

21

22

23

24

25

26

27

28                              Proof of Service

1 | **SERVICE LIST:**

2 | Ross H. Bergman, Esq.
Ross H. Bergman & Associates
3 | 5041 La Mart Drive, Suite 230
Riverside, CA 92507
Email: rossbergmanlaw@gmail.com
4 | *Attorneys for Defendant, RAYMOND HORSPOOL*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 |                    Proof of Service

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 41923 2nd Street, Suite 402, Temecula, CA 92590.

A true and correct copy of the foregoing document entitled (*specify*):

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 523 AND 727 OF THE BANKRUPTCY CODE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _July 22, 2021_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 22, 2021 | John W. Branch |  |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

Todd L. Turoci, Esq.
3845 Tenth Street
Riverside, CA  92501
*(Attorney for Debtor)*

Todd A Frealy, Esq.
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA  90067
*(Attorney for Trustee)*

United States Trustee (RS)
3801 University Avenue, Ste 720
Riverside, CA  92501

Honorable Wayne E. Johnson
US Bankruptcy Court
3420 Twelfth Street, Suite 384
Riverside, CA  92501

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**